# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARSHA L. PAYTON,

    Plaintiff,

v.                                            Case No: 6:17-cv-812-Orl-18DCI

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 1)**
>
> **FILED:**      May 5, 2017
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

*[Handwritten annotation: "Approved & so ordered this ___ June '17" signed G. Kendall Sharp, U.S. District Judge]*

On May 5, 2017, Plaintiff, proceeding *pro se*, filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a motion to proceed *in forma pauperis* (the Motion). Doc. 1. Plaintiff filed no separate complaint, although the Motion consists of 44 pages of various documents. *Id.* These documents include correspondence with Customs and Border Protection (CBP, which appears to be Plaintiff's former employer), the Equal Employment Opportunity Commission, the Merit Systems Protection Board, as well as various documents related to Plaintiff's termination from CBP and attempts to challenge that termination and obtain reinstatement of her employment. *Id.* In particular, the Motion contains a copy of an

order form the United States District Court for the Southern District of Florida, in which United States District Judge Kathleen M. Williams dismissed an action by Plaintiff against Jeh Johnson, Secretary of the Department of Homeland Security (and Customs and Border Protection). *Id.* at 31-33 (*Payton v. Johnson*, Case No. 15-24573-Civ-Williams, at Doc. 7 (S.D. Fla. Dec. 21, 2015)).[1] Further, it appears from certain of the documents contained within the Motion that Plaintiff filed the packet of documents that compromise the Motion in each of the three United States District Courts within Florida (a March 22, 2017 letter directed to the Miami Division of the Southern District of Florida, the Tallahassee Division of the Northern District of Florida, and the Orlando Division of this District). Doc. 1 at 16.

As part of reviewing Plaintiff's Motion, the Court is obligated to review the any complaint for relief associated therewith and dismiss the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[2] Although the Court must liberally construe Plaintiff's complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), it is under no duty to "rewrite" the complaint. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short

---

[1] In the attached Civil Cover Sheet (which is labeled "Middle District" in a handwritten notation at the top, left corner), Plaintiff lists as related cases both the 2015 action that was before Judge Williams and a 2004 action that was before United States District Judge Daniel T.K. Hurley ( *Payton v. Ramirez*, No. 04-61460-Civ-Hurley). Doc. 1-1.

[2] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis. Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although *pro se* litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

Plaintiff has failed to conform to the procedural rules and has failed to state a valid cause of action against Defendant. First, Plaintiff failed to provide a short and plain statement containing factual allegations sufficient to support the grounds for the Court's jurisdiction. Second, Plaintiff failed to provide a short and plaint statement of the claim containing factual material sufficient to show that she is entitled to relief.

In the Order dismissing Plaintiff's 2015 action in the Southern District of Florida, Judge Williams stated the following in a footnote:

> The civil cover sheet filed with the complaint indicates that this case is related to a case that was removed from state court in 2004 and remanded by Judge Hurley *sua sponte*. *See Payton v. Ramirez*, No. 04-61460-CIV-HURLEY, DE 6 (S.D. Fla. Nov. 12, 2004). However, the more than 100 pages of exhibits attached to the complaint indicate that in the 11 years since Judge Hurley considered the case and found that Plaintiffs pleading "fail[ed] to even remotely raise substantial questions of federal law," Plaintiff has raised the same claims in myriad venues including the Equal Employment Opportunity Commission, the Merit Systems Protection Board, the U.S. Court of Appeals for the Federal Circuit, and the Supreme Court of the United States. *Payton*, No. 04-61450-CIV-HURLEY, DE 6 at 4; DE 1-2 at 17, 39, and 51-62. The record supplied to the Court demonstrates that every justice, judge, administrator, commission and board to consider Plaintiff's arguments has found them lacking. *Id.*

Doc. 1 at 31 (alteration in original).[3]

---

[3] Plaintiff did not appeal Judge Williams' order dismissing Plaintiff's 2015 action.

In most cases, the Court will provide a *pro se* litigant such as Plaintiff at least one opportunity to amend her complaint prior to a dismissal of that complaint with prejudice and a closure of the case. However, given Plaintiff's history litigating this issue in the Southern District of Florida, the fact that it appears that this action may have been filed in all three District Courts in Florida, and the fact that it appears that the Motion is wholly without merit and incapable of supporting a valid complaint, it is respectfully recommended that the Court deny the Motion and direct the Clerk of Court to close this case.

Accordingly, it is **RECCOMENDED** that:

1. The Motion (Doc. 1) be **DENIED**; and
2. The Clerk of Court be directed to **CLOSE** the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 9, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy